The facts and issue involved in this case are clearly and concisely stated in our original opinion. See 12 So.2d 659. We granted a rehearing limited to the question of considering whether or not the tax deed should be declared null and void only in so far as it may affect the property of plaintiff.
When the case was called for argument and submission, the attorney representing the plaintiff informed us that he had no objection to an amendment of the judgment to annul the tax sale only in so far as it pertained to the property of the plaintiff.
Considering the fact that the plaintiff acquired only a portion of the property for which the tax sale was held, and that the owner of the remaining portion is not a party to this suit, we find ourselves unable to enter a decree by virtue of which she would be benefited. Accordingly, the judgment of the lower court is erroneous in declaring the tax sale null and void affecting that portion not purchased or owned by the plaintiff, and also in ordering the plaintiff to pay the full amount of the taxes, interest and costs.
For these reasons, it is ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended so as to decree the purported tax sale to be null, void and of no effect and the inscription thereof cancelled in so far only as it may affect the property of the plaintiff, conditional, however, that the plaintiff pay unto the defendant its proportionate amount of the taxes, interest and costs. The judgment, as amended, is affirmed. *Page 835